IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RUTH RICHTER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 8:17CV271 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| U.S. SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Less than three months after her initial lawsuit against the Social Security Administration[1] ("SSA"), Plaintiff Ruth Richter, proceeding pro se, has filed another lawsuit against the SSA claiming that it sent Plaintiff's SSI checks to "an unauthorized payee" from 1984 to 1990 without Plaintiff's consent or knowledge, and such checks were then sent to a "second unauthorized person to be used for my benefit . . . but never were." (Filing No. 1 at CM/ECF p. 1.) Plaintiff complains that the SSA wrongfully charged her for "overpayments" 17 years ago to "cover up a real crime of fraud in which SSA played a part." (Filing No. 1 at CM/ECF p. 2.) Plaintiff does not explicitly request monetary damages, but implies as much by asking this court to "hold defendant accountable for perpetuating a fraud by a known unauthorized payee who . . . witheld [sic] my early round SSI checks and SSA would not schedule appeal hearings in 1999 and 2014 after cutting off my SSI payments altogether in 1999." (Filing No. 1 at CM/ECF p. 2.)

**I. STANDARDS FOR INITIAL REVIEW**

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

---

[1]*See Richter v. Social Security Administration*, No. 8:17CV155 (D. Neb. 2017).

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. ANALYSIS

To the extent Plaintiff seeks to challenge the SSA's allegedly wrongful discontinuation of her SSI benefits, such claim has been asserted in Plaintiff's other case in this court and will not be considered here. *See Richter v. Social Security Administration*, No. 8:17CV155 (D. Neb. 2017) (Filing 9, Memorandum and Order on initial review).

As best as the court can determine, Plaintiff's only claim in this lawsuit is that the SSA committed fraud when it sent Plaintiff's SSI checks to "an unauthorized payee" without Plaintiff's consent or knowledge from 1984 to 1990, and then charged Plaintiff for "overpayments" to "cover up" its fraud.

As an agency of the United States, the SSA enjoys sovereign immunity from suit absent consent, and such consent is a prerequisite for jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")

Plaintiff's claim in this case—fraud—would fall under the Federal Torts Claim Act ("FTCA"), which provides "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). However, a "federal district court does not have jurisdiction over an FTCA claim unless it was first . . . presented to the appropriate federal agency . . . within two years of when the claim accrued." *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (citations and quotations omitted). Plaintiff's Complaint does not allege that she has exhausted her administrative remedies for purposes of the FTCA.

Even if Plaintiff had exhausted her administrative remedies, the FTCA does not waive sovereign immunity for torts "arising out of . . . misrepresentation [or] deceit," 28 U.S.C. § 2680(h), which includes fraud claims like the one asserted here. *United States v. Perry*, 706 F.2d 278, 279-80 (8th Cir.1983) (dismissing tort counterclaim against FmHA because Eighth Circuit case law recognizes that 28 U.S.C. § 2680(h) bars tort claims against federal agencies based on fraud and negligent misrepresentation); *United States v. Longo*, 464 F.2d 913, 915 (8th Cir. 1972) (section 2680 specifically bars actions against the government based on misrepresentation or deceit).

Finally, courts have held that 42 U.S.C. § 405(h) bars tort claims such as fraud from being asserted against the SSA when the allegations "arise under" the Social Security Act, such as the wrongful termination of benefits. Here, Plaintiff's fraud claim directly relates to the SSA's erroneous distribution of benefits to an unauthorized person and the SSA's demand for return of benefit overpayments—allegedly to cover

3

up its fraud. This is exactly the kind of claim 42 U.S.C. § 405(h) prohibits. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [federal question jurisdiction] or 1346 [Federal Tort Claims Act] of Title 28 to recover on any claim arising under this subchapter."); *Schweiker v. Chilicky*, 487 U.S. 412, 429 (1988) (holding that § 405(h) prohibited plaintiffs from bringing action for emotional distress and loss of necessities caused by improper termination of benefits); *Cunningham v. Social Sec. Admin.*, 311 Fed. Appx. 90, 92, 2009 WL 175076 (10th Cir. 2009) (42 U.S.C. § 405(h) prohibited claim for constructive fraud brought against SSA after SSA ordered plaintiffs to reimburse SSA for overpayment) (unpublished); *Jarrett v. United States*, 874 F.2d 201, 204-05 (4th Cir.1989) (holding that § 405(h) bars an action for intentional infliction of emotional distress caused by wrongful termination of benefits because such claim arose under the Social Security Act); *Calhoun v. Colvin*, No. 5:13-CV-108-D, 2014 WL 4243784, at *19 (E.D.N.C. July 22, 2014), *report and recommendation adopted*, No. 5:13-CV-108-D, 2014 WL 4243789 (E.D.N.C. Aug. 26, 2014) (plaintiff's claims against SSA for negligence, misrepresentation, and intentional infliction of emotional distress not permitted under 42 U.S.C. § 405(h)); *Greene-Major v. Comm'r of Soc. Sec. Admin.*, No. 3:10-1459, 2010 WL 3038319, at *2 (D.S.C. June 17, 2010), *report and recommendation adopted*, No. 3:10-1459, 2010 WL 3038430 (D.S.C. July 29, 2010) (42 U.S.C. § 405(h) prohibits seeking damages against the Commissioner of Social Security for fraud, among other tort claims).

For these reasons, this court lacks subject-matter jurisdiction over Plaintiff's fraud claim. Because amendment of Plaintiff's Complaint would be futile, her Complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Canady v. I.R.S.*, No. 14-0952-CV-W-ODS, 2015 WL 1579848, at *2 (W.D. Mo. Apr. 9, 2015) (court lacked subject-matter jurisdiction over plaintiff's fraud claims against IRS because plaintiff failed to exhaust administrative remedies under FTCA and FTCA does not waive sovereign immunity for fraud claims); *Wong v. Rosenblatt*, No. 3:13-CV-02209, 2014 WL 1419080, at *2 (D. Or. Apr. 11, 2014) (any common law tort claim based on deceit is expressly excluded from the FTCA; given plaintiffs'

allegations of false representations, fraud, and wrongful possession, none of plaintiffs' claims were permitted by the FTCA); *Everts v. U.S. Soc. Sec. Admin.*, No. CIV.08-4690, 2009 WL 3062010, at *5 (D. Minn. Sept. 18, 2009) ("Absent a federal claim, this Court has no jurisdiction over a state-law cause of action such as fraud.").

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (Filing No. 2) is granted, and Plaintiff shall not be liable to pay a fee for filing this case.

2. This case is dismissed without prejudice because the court lacks subject-matter jurisdiction over Plaintiff's claim.

3. Judgment shall be entered by separate document.

DATED this 4th day of August, 2017.

BY THE COURT:
*s/ Richard G. Kopf*
Senior United States District Judge